# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**WILLIAM A. KELLNER, #186122**                              **PLAINTIFF**

v.                                      **CAUSE NO. 1:16CV45-LG-RHW**

**MELVIN T. BRISOLARA, ET AL.**                            **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

Pro se Plaintiff William A. Kellner ("Plaintiff") initiated this action pursuant to 42 U.S.C. § 1983 on February 16, 2016. Petitioner is an inmate of the Mississippi Department of Corrections housed at the Mississippi State Penitentiary, Parchman, Mississippi. (Compl. at 1, ECF No. 1).

On February 17, 2016, the Magistrate Judge entered an Order in which he advised Plaintiff of certain provisions of the Prison Litigation Reform Act, Title 28, United States Code, Section 1915 and Section 1932, and Section 47-5-138 of the Mississippi Code of 1972, for Plaintiff's consideration in determining whether to proceed with this action. (Order Feb. 17, 2016, ECF No. 3). The Order required Plaintiff to file an Acknowledgment of Receipt or a Notice of Voluntary Dismissal within 30 days. (*Id*. at 1-2). On the same date, the Court entered an Order directing Plaintiff to file a completed *in forma pauperis* application or pay the

required filing fee within 30 days. (Order at 1 Feb. 17, 2016, ECF No. 4). Both Orders warned Plaintiff that his failure to timely comply with the Orders or his failure to keep the Court informed of his current address might lead to the dismissal of his case. (*Id.*; Order at 2 Feb. 17, 2016, ECF No. 3). Plaintiff did not file the required documentation or otherwise respond to these Orders.

On April 6, 2016, the Magistrate Judge entered an Order to Show Cause requiring that Plaintiff, on or before April 29, 2016: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's prior Orders; and (2) comply with the Court's prior Orders by paying the filing fee or filing the required documentation. (Order at 1-2 Apr. 6, 2016, ECF No. 5). Plaintiff was cautioned that his "failure to advise this Court of a change of address or failure to fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff." (*Id*. at 2). Plaintiff did not file the required documentation or otherwise respond to the Order to Show Cause.

Since Plaintiff is proceeding pro se, he was provided one final opportunity to comply with the Court's Orders. On May 17, 2016, the Magistrate Judge entered a Final Order to Show Cause. (Order May 17, 2016, ECF No. 6). The Order directed that on or before June 8, 2016, Plaintiff: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's previous Orders; and (2) comply with the Court's previous Orders by paying the filing fee or filing the required documentation. (*Id*. at 1-2). Plaintiff was again warned that his "failure to advise this Court of a change of address or failure to

fully comply with this Order in a timely manner will result in the dismissal of this case, without further notice to the Plaintiff." (*Id.* at 2). Plaintiff did not file the required documentation or otherwise respond to the Final Order to Show Cause.

## II. DISCUSSION

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Plaintiff did not comply with the Orders entered by the Magistrate Judge even after being warned several times that failure to do so would result in the dismissal of his case. (Order at 2 Feb. 17, 2016, ECF No. 3; Order at 1-2 Feb. 17, 2016, ECF No. 4; Order at 2 Apr. 6, 2016, ECF No. 5; Order at 2 May 17, 2016, ECF No. 6). Plaintiff has not responded to the Court's Orders or otherwise contacted the Court since he filed this case on February 16, 2016. Such inaction presents a clear record of delay or contumacious conduct by Plaintiff. It is apparent that Plaintiff no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts

3

have proven futile.  *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

### III.  CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE